JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Sanford Antonio appeals from his conviction after a jury trial for felonious assault upon a peace officer.
 {¶ 2} Antonio asserts his conviction is supported by neither sufficient evidence nor the weight of the evidence. After a review of the record, this court cannot agree with Antonio's assertion. Therefore, his conviction is affirmed.
 {¶ 3} Antonio's conviction results from an incident that occurred on the evening of May 30, 2004. According to the testimony at his trial, two Cleveland Metropolitan Housing Authority ("CMHA") police officers, partners James Neal and Clinton Ovalle, were at that time on routine foot patrol with other units in the "Cedar Estates" apartment complex. The officers had separated in order to more fully observe the area.
 {¶ 4} Neal testified that as he rounded the corner of a building, he saw a man, later identified as appellant Antonio, engaged in a conversation with a woman. Neal "saw an item being passed back and forth between the two." Believing he had observed a drug transaction, he "radioed the other officers in the area" of his intention to approach the suspects. He was near enough that the couple appeared to have heard his broadcast; they "began to walk away in separate directions."
 {¶ 5} Neal testified the woman was walking toward the location of another CMHA police unit; therefore, he walked directly toward Antonio. Neal called out to him to stop, advising him that he wanted to investigate a possible "drug transaction." In response, Antonio merely answered, "Oh, it's not going to be like that." He continued to walk away.
 {¶ 6} Neal at that time was close, so he took a hold of one of Antonio's arms to detain him. At that, Antonio "swung around" with his right fist and struck Neal in the area of his left temple. Although Neal immediately heard a "ringing" in his ear, he maintained his hold.
 {¶ 7} Ovalle testified he was approximately one hundred and fifty feet away when Neal approached Antonio. Ovalle saw Antonio was continuing to walk away when Neal grabbed at his arm. When Antonio turned, punching at Neal, Ovalle ran forward to assist his partner. Antonio struck at Neal a few more times in his attempt to "get away" before Ovalle and Neal managed to subdue him.
 {¶ 8} Two officers of another unit also arrived at the scene to secure Antonio's arrest. The officers discovered a bag of marijuana in Antonio's waistband during the pat-down search of his person. Neal later received medical attention for injuries he sustained in the altercation.
 {¶ 9} Antonio subsequently was indicted on two counts, viz., assault on a peace officer, R.C. 2903.13; and trafficking in marijuana, R.C. 2923.03. His case proceeded to a jury trial.
 {¶ 10} In addition to the testimony of Neal, Ovalle and another CMHA officer, the jury heard Antonio testify in his own defense. Antonio essentially stated that he was set upon by Neal, and that he did not defend himself.
 {¶ 11} Ultimately, although the jury acquitted Antonio of the drug charge, it found him guilty of assault on a peace officer. The trial court thereafter sentenced him to a six-month prison term.
 {¶ 12} Antonio presents the following two assignments of error for this court's review:
 {¶ 13} "I. The trial court erred in denying Appellant's motion for acquittal as to the charges (sic) when the state failed to present sufficient evidence to sustain a conviction.
 {¶ 14} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 15} In his assignments of error, Antonio essentially argues that the officers' testimony failed to establish he had any intent to harm Neal. He further argues his version of the altercation was the more credible; therefore, the trial court improperly denied his motions for acquittal, and his convictions should be reversed. Antonio's arguments are unpersuasive.
 {¶ 16} A defendant's motions for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crime has been proven beyond a reasonable doubt. State v.Dennis, 79 Ohio St.3d 421, 1997-Ohio-372; State v. Jenks
(1991), 61 Ohio St.3d 259; State v. Bridgeman (1978),55 Ohio St.2d 261. The trial court is required to view the evidence in a light most favorable to the state. State v. Martin (1983),20 Ohio App.3d 172.
 {¶ 17} With regard to an appellate court's function in reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 175.
 {¶ 18} This court must remain mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the jury to consider. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 19} In this case, the evidence demonstrated that the officers gave a version of the incident that contained only minor inconsistencies, describing Antonio's action as an effort to aggressively resist Neal's investigatory stop. Neal testified that Antonio engaged him in a "full-out fight" and a "boxing match;" he stated Antonio was "vigorously" punching at his face and head.
 {¶ 20} Antonio, on the other hand, provided an unlikely story. He stated that Neal simply attacked him, that Neal persisted despite his lack of resistance, and that Neal received his injuries from the other officers who entered the fray. Antonio testified he and one of the officers knew each other; nevertheless, he believed the officers all set upon him because they thought he provided a false name.
 {¶ 21} In short, there was consistent, credible evidence that Antonio assaulted Neal in an unsuccessful attempt to escape detention. The trial court therefore correctly concluded Antonio's guilt of the crime was for the jury to determine based upon the evidence presented at trial. State v. Gardner,
Cuyahoga App. No. 85275, 2005-Ohio-3709. In view of the certainty of the officers' recollections of what occurred as opposed to the Antonio's self-serving account, the jury acted within its prerogative to credit the testimony of the state's witnesses.State v. Pass, Cuyahoga App. No. 81243, 2002-Ohio-6809.
 {¶ 22} For the foregoing reasons, Antonio's first and second assignments of error are overruled.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J. and Calabrese, Jr., J. Concur.